UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GREGORY MCCANTS,
    *Plaintiff*,

v.

VEREEN C/O; GARLAND C/O;
NURSE JANE DOE, in their individual
capacities,
    *Defendants*.

No. 3:24-cv-1360 (VAB)

## INITIAL REVIEW ORDER

Gregory McCants ("Plaintiff") is a prisoner in the custody of the Connecticut Department of Correction ("DOC") housed at Willard Cybulski Correctional Institution ("Cybulski").[1] He filed a Complaint *pro se* and *in forma pauperis* under U.S.C. § 1983 for violation of his constitutional rights while housed as a sentenced inmate against Correction Officer Vereen for damages in his individual capacities. Compl., ECF No. 1. Thereafter, Mr. McCants filed an Amended Complaint naming as defendants Correction Officers Vereen and Garland[2] and Nurse Jane Doe in their individual capacities. Am. Compl., ECF No. 12.

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Upon review, the Court must dismiss the complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such

---

[1] The Court may "take judicial notice of relevant matters of public record." *See Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012). Publicly available information on the DOC website shows that Mr. McCants was sentenced on July 17, 2024. *See* http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=264897.

[2] The Amended Complaint does not contain the first names of Correction Officers Vereen and Garland. The full names of both officers will need to be identified and added to the case caption.

relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

The Court has thoroughly reviewed all factual allegations in the Amended Complaint and conducted an initial review of the allegations therein under 28 U.S.C. §1915A.

For the reasons that follow, Mr. McCants may proceed on his individual capacity claims against (1) Correction Officers Vereen and Garland for Eighth Amendment excessive force, (2) Nurse Jane Doe for Eighth Amendment deliberate indifference to his medical needs; (3) Correction Officers Vereen and Garland for First Amendment retaliation; and (4) Correction Officers Vereen and Garland state law assault and battery.

All other claims are **DISMISSED**.

### I.   FACTUAL BACKGROUND[3]

In August 2023, while at New Haven Correctional Center, Am. Compl. at ¶ 1, during Admitting and Processing ("A/P"), Officer Vereen allegedly began a strip search of Mr. McCants under DOC protocol. *Id.* at ¶¶ 3-4. He allegedly told Mr. McCants to take off his sneakers because he could not have them as they had a "bubble." *Id.* at ¶ 4. Mr. McCants allegedly requested a higher authority to explain the reason for the request. *Id.* at ¶ 5. Another officer allegedly advised Mr. McCants that he could not have the sneakers because of the bubble on the side and indicated that he would make sure the sneakers got to Mr. McCants's property. *Id.* at ¶ 6. Mr. McCants allegedly gave the sneakers to the officer. *Id.* at ¶ 7.

---

[3] While the Court does not set forth all of the facts alleged in Mr. McCants's amended complaint, it summarizes his basic factual allegations here to give context to its rulings below. Also, Rule 10 of the Federal Rules of Civil Procedure states: "The title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). Mr. McCants's Amended Complaint refers to Correction Officer Doe, who allegedly subjected him to excessive force. Compl. at 9-10. The Court construes these allegations about Officer Doe to be asserted against Officer Garland, who is named as a defendant in the case caption of the Amended Complaint.

When Mr. McCants allegedly walked past Officer Vereen and Garland, he allegedly was grabbed and thrown to the floor without provocation, *id.* at ¶ 8, and then handcuffed and exposed to a chemical agent. *Id.* While Mr. McCants allegedly was on the ground, Officer Vereen allegedly yelled: "You didn't to give me your sneakers[,] here take this." *Id.* at ¶ 9. Mr. McCants allegedly was then assaulted, kicked and punched while he remained on the ground handcuffed and suffering from the effects of the chemical agent. *Id.* at ¶ 10. Mr. McCants allegedly lost a front tooth and experienced facial swelling. *Id.* at ¶ 11. A lieutenant allegedly threatened him with another round of chemical agent spray if he did not stop fidgeting. *Id.* at ¶ 12.

Mr. McCants allegedly was then taken to the restrictive housing unit ("RHU") to rinse off the chemical agent from his face. *Id.* at ¶ 13.

Nurse Jane Doe allegedly checked his wrists and face, but allegedly failed to provide him any medical care for his lost tooth and bleeding or swollen face. *Id.* at ¶ 14. Two days later, Mr. McCants allegedly received a false disciplinary report for assaulting correctional staff. *Id.* at ¶ 15.

Mr. McCants allegedly remained in the RHU for ten days and was then transferred to Osborn Correctional Institution, where he allegedly saw a dentist for his dental condition due to the knocked-out tooth. *Id.* at ¶¶ 17-18.

## II.    DISCUSSION

Section 1983 "provides a private right of action against any person who, acting under color of state law, causes another person to be subjected to the deprivation of rights under the Constitution or federal law." *Blyden v. Mancusi*, 186 F.3d 252, 264 (2d Cir. 1999). The Court considers whether Mr. McCants has alleged facts to state any plausible claim for damages under

3

Section 1983 against any Defendant.

To do so, Mr. McCants must allege facts a Defendant's personal involvement in the alleged constitutional violation, *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) ("[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983[.]" (internal citation and quotation marks omitted)), including any supervisory officials. *Tangreti v. Bachman*, 983 F.3d 609, 620 (2d Cir. 2020) (holding that a plaintiff must "plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability" in order to hold a state official liable for damages under § 1983, and that "it is not enough for [a plaintiff] to show that [a defendant] was negligent, or even grossly negligent, in her supervision of the correctional officers or in failing to act on the information she had").

### A.  The Eighth Amendment Misuse of Force Claim

The Eighth Amendment to the U.S. Constitution prohibits "cruel and unusual punishments." U.S. Const. amend. VIII. Thus, the Eighth Amendment protects against punishments that "involve the unnecessary and wanton infliction of pain." *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). An inmate claiming that excessive force has been used against him or her by a prison official has the burden of establishing both an objective and subjective component. *See Romano v. Howarth*, 998 F.2d 101, 105 (2d Cir. 1993).

To meet the objective component, the inmate must allege that the defendant's conduct was serious enough to have violated "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (internal quotation marks and citation omitted). The extent of the inmate's injuries as a result of the defendant's conduct is not a factor in determining the

4

objective component. *See Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (stating that the "core judicial inquiry" is "not whether a certain quantum of injury was sustained," but rather whether unreasonable force was applied given the circumstances); *Hudson*, 503 U.S. at 9 (finding that "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency are always violated" irrespective of whether significant injury is present). The subjective component requires the inmate to show that the prison officials acted wantonly and focuses on "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7 (citing *Whitley v. Albers*, 475 U.S. 312, 320-321 (1986)).

For purposes of initial review, Mr. McCants's allegations plausibly suggest that Officers Vereen and Garland applied force without legitimate penological reasons.

Accordingly, Mr. McCants may proceed on his Eighth Amendment excessive force claims against Correction Officers Vereen and Garland in their individual capacity for damages. And, for similar reasons, Mr. McCants' state common law claims for assault and battery arising from the same set of facts against Correction Officers Vereen and Garland in their individual capacities also will proceed. *See* 28 U.S.C. § 1367(a).

**B.    The Eighth Amendment Deliberate Indifference Claim**

To state a cognizable Eighth Amendment claim for deliberate indifference to a prisoner's medical needs, the prisoner must show that "(1) objectively, the alleged deprivation of medical care was 'sufficiently serious,' and (2) subjectively, that a defendant acted or failed to act 'while actually aware of a substantial risk that serious inmate harm will result.'" *Washington v. Artus*, 708 F. App'x 705, 708 (2d Cir. 2017) (quoting *Salahuddin v. Goord*, 467 F.3d 263, 279–80 (2d

Cir. 2006)). The prisoner must allege facts to suggest that a defendant acted not merely carelessly or negligently, but with a subjectively reckless state of mind akin to criminal recklessness. *See, e.g.*, *Spavone v. N.Y. State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013). "Officials need only be aware of the risk of harm, not intend harm. And awareness may be proven from the very fact that the risk was obvious." *Spavone*, 719 F.3d at 138.

Although the allegations as to Nurse Jane Doe's alleged deliberate indifference are thin, for purposes of initial review, Mr. McCants has sufficiently alleged that Nurse Jane Doe ignored his obvious serious medical needs for his dental injury, bleeding, and swollen face.

Accordingly, the Court will permit Mr. McCants to proceed for damages against Nurse Jane Doe on his claims of Eighth Amendment deliberate indifference to his serious medical needs.

    **C.    The False Disciplinary Report Claim**

To the extent Mr. McCants complains of a constitutional violation regarding the issuance of false disciplinary reports, a "prison inmate has no general constitutional right to be free from being falsely accused in a misbehavior report." *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997) (citing *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986)). There are "two exceptions" to this rule. *See Willey v. Kirkpatrick*, 801 F.3d 51, 63 (2d Cir. 2015) ("The district court correctly noted two exceptions to this rule: when an inmate is able to show either (1) that he was disciplined without adequate due process as a result of the report; or (2) that the report was issued in retaliation for exercising a constitutionally protected right." (internal citations and quotation marks omitted)).

First, if the inmate was denied due process at the associated disciplinary hearing, he could assert a false accusation claim as part of his due process claim. *See Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974) (inmate's protection against false accusation lies in the procedural due process protections required in the hearing process). Here, Mr. McCants alleges no facts suggesting that he was denied due process at any hearings. Thus, he fails to allege facts meeting this exception.[4]

Second, a false accusation claim is cognizable if "the false accusation is based on something more, such as 'retaliation against the prisoner for exercising a constitutional right.'" *Tafari v. McCarthy*, 714 F. Supp. 2d 317, 372 (N.D.N.Y. 2010) (quoting *Boddie*, 105 F.3d at 862). Mr. McCants alleges that he was attacked and received disciplinary reports after he allegedly inquired about the reason he could not retain his sneakers. Thus, rather than construe Mr. McCants' Amended Complaint as stating a distinct claim, the Court will consider whether Mr. McCants has plausibly alleged retaliation under the First Amendment

Accordingly, any separate false disciplinary claim will be dismissed.

### D. The First Amendment Retaliation Claim

---

[4] In addition, for a claim of procedural due process violation under the Fourteenth Amendment, a plaintiff must allege facts showing that he had a protected liberty interest and that he was deprived of that interest without being afforded due process of law. *See Walker v. Fischer*, 523 F. App'x 43, 44 (2d Cir. 2013) (summary order). In *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court held that a liberty interest warranting due process protection "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force ... nonetheless imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484. Plaintiff alleges that he endured only ten days in the RHU and does not indicate he suffered any "unusual conditions" during the confinement. Allegations of short term restricted confinements without any alleged onerous conditions are generally considered insufficient to establish an atypical and significant hardship to support a liberty interest for a Fourteenth Amendment claim. *See Wojcik v. Saas*, No. 3:24-CV-00500 (VDO), 2024 WL 2813000, at *9 (D. Conn. June 3, 2024).

When prison officials take adverse action against an inmate that is motivated by the inmate's exercise of a protected constitutional right, that inmate may bring a section 1983 retaliation claim against those prison officials. *See Friedl v. City of N.Y.*, 210 F.3d 79, 85 (2d Cir. 2000) ("In general, a section 1983 claim will lie where the government takes negative action against an individual because of his exercise of rights guaranteed by the Constitution or federal laws."). To state a claim for First Amendment retaliation, a plaintiff must allege facts showing "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech [or conduct] and the adverse action." *Dolan v. Connolly*, 794 F.3d 290, 294 (2d Cir. 2015) (quoting *Espinal v. Goord*, 558 F.3d 119, 128 (2d Cir. 2009)) (cleaned up). District courts must "approach prisoner retaliation claims with skepticism and particular care, because virtually any adverse action taken against a prisoner by a prison official-even those otherwise not rising to the level of a constitutional violation-can be characterized as a constitutionally proscribed retaliatory act." *Davis v. Goord,* 320 F.3d 346, 352 (2d Cir. 2003) (citations omitted).

Although the Second Circuit has yet to articulate a bright line rule regarding constitutionally protected oral speech by an inmate, courts in this District often distinguish "verbal complaints about the conduct of correctional staff members" from "arguments or confrontations between a prisoner and correctional staff," the latter of which does not "rise to the level of protected speech." *Hopkins v. Melendez*, No. 24-CV-1263 (VDO), 2024 WL 4111058, at *3 (D. Conn. Sept. 5, 2024) (citing *Mejia v. Kurtzenacker*, No. 3:21-CV-1222 (MPS), 2022 WL 19331, at *4 (D. Conn. Jan. 3, 2022). The Court recognizes that Mr. McCants's allegations may be considered confrontation or argument. But in light of undeveloped law in this area and the

early stage of the litigation, the Court construes Mr. McCants's allegations most broadly to suggest he engaged in protected speech.

The Second Circuit has defined adverse action as retaliatory conduct that would "deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights." *Hayes v. Dahlke*, 976 F.3d 259, 274 (2d Cir. 2020) (internal quotation marks and citation omitted). Mr. McCants's allegations indicate that he was assaulted, placed in the RHU and issued a false disciplinary report after he questioned why he could not retain his sneakers. Thus, the Court concludes Mr. McCants has satisfied the second element of adverse action.

Finally, Mr. McCants has alleged that the assault occurred and disciplinary report was issued shortly after his exercise of protected activity. Thus, Mr. McCants's allegations suggest a causal connection between his protected speech and the adverse action. *Hopkins*, 2024 WL 4111058, at *4 (noting time frame between protected conduct and adverse action satisfied causation element).

Accordingly, the Court will permit Mr. McCants to proceed on First Amendment retaliation claims against Officers Vereen and Garland in their individual capacities for further development of the record.

As to Nurse Jane Doe, no allegations suggest that she was aware of Mr. McCants's protected activity so as to support an inference that she failed to provide him medical attention for a retaliatory reason. *See Schlosser v. Manuel*, No. 3:19-CV-1444 (SRU), 2020 WL 127700, at *4 (D. Conn. Jan. 10, 2020) (dismissing retaliation claims where plaintiff had not alleged that the defendant was aware of his protected activity).

Accordingly, any First Amendment retaliation claim against Nurse Doe will be dismissed.

## ORDERS

For the reasons set forth above, the Court enters the following orders:

(1) Mr. McCants may proceed on his individual capacity claims against (1) Correction Officers Vereen and Garland for Eighth Amendment excessive force, (2) Nurse Jane Doe for Eighth Amendment deliberate indifference to his medical needs; (3) Correction Officers Vereen and Garland for First Amendment retaliation; and (4) Correction Officers Vereen and Garland state law assault and battery.

All other claims are **DISMISSED**.

(2) The Clerk of Court is instructed to verify the current work addresses for Correction Officers Vereen and Garland with the DOC Office of Legal Affairs, mail a waiver of service of process request packet containing the amended complaint and this order to them at their confirmed addresses by **January 10, 2025**, and report to the Court on the status of the waiver request by **January 24, 2025**. If a Defendant fails to return the waiver request, the Clerk of Court shall arrange for in-person service by the U.S. Marshals Service on that Defendant, and that Defendant shall be required to pay the costs of such service in accordance with Fed. R. Civ. P. 4(d).

(3) The Clerk of Court cannot affect service on Nurse Jane Doe without her full name and current work address. Thus, Mr. McCants is directed to obtain this information for Nurse Jane Doe during discovery and to file a notice containing the information with the Court. Once Nurse Jane Doe has been identified, the Court will order that she be served with a copy of the Amended

Complaint. Failure to identify Nurse Jane Doe by the conclusion of discovery will result in the dismissal of all claims against her.

(4) The Clerk of Court shall send a courtesy copy of this Order to the DOC Office of Legal Affairs and the Office of the Attorney General.

(5) Defendants shall file a response to the Amended Complaint, either an Answer or motion to dismiss, by **March 28, 2025**.

(6) The discovery deadline is **August 1, 2025**. The parties must comply with the District of Connecticut "Standing Order Re: Initial Discovery Disclosures," which the Clerk must send to Mr. McCants with a copy of this Order.

(7) All motions for summary judgment shall be filed by **September 12, 2025**.

(8) Under Local Rule 7(a), a nonmoving party must respond to a dispositive motion (*i.e.*, a motion to dismiss or a motion for summary judgment) within **twenty-one (21) days** of the date the motion was filed. If no response is filed, or the response is not timely, the Court may grant the dispositive motion without further proceedings.

(9) If Mr. McCants changes his address at any time during the litigation of this case, Local Court Rule 83.1 provides that he MUST notify the court. Failure to do so can result in the dismissal of the case. Mr. McCants must give notice of a new address even if he is incarcerated. He should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If Mr. McCants has more than one pending case, he must indicate all of the case numbers in the notification of change of address. Mr. McCants must also notify the Defendant or defense counsel of his new address.

(10) Mr. McCants shall utilize the Prisoner E-Filing Program when filing documents with the Court. He is advised that the Program may be used only to file documents with the Court. As discovery requests are not filed with the Court, the parties must serve discovery requests on each other by regular mail.

**SO ORDERED** at New Haven, Connecticut, this 20th day of December, 2024.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE